IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No. 17-cr-00013-LKG |
| ) | |
| ROBERT WALKER MCDAID, ) | Dated: June 22, 2023 |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

### I.     INTRODUCTION

Defendant, Robert W. McDaid, has moved to dismiss Counts 1, 2, and 3 of the Indictment upon the basis of want of prosecution, pursuant to Fed. R. Crim. P. 48(b). ECF No. 72. The Government has filed a response in opposition to Defendant's motion and the motion is fully briefed. ECF Nos. 72; 75. No hearing is necessary to resolve the motion. L.R. 105.6; 207. For the reasons that follow, the Court **DENIES** Defendant's motion to dismiss the Indictment.

### II.    FACTUAL BACKGROUND

#### A.    Factual Background

On January 11, 2017, a federal Grand Jury sitting in Baltimore, Maryland returned a three-count Indictment against Defendant, Robert Walker McDaid, and his co-defendant, Zachary Lee. *See* Indictment, ECF No. 1. Defendant is a resident of Coventry, England, United Kingdom. *Id*.

The Indictment alleges that, on or about February 18, 2015, at approximately 4:12 p.m., the Maryland Coordination and Analysis Center's ("MCAC") Terrorism Hotline received an emergency call from an individual purporting to be "T.D.," stating that he had a loaded gun and several bags of plastic explosives, and that he had taken three hostages. *Id*. The Indictment also alleges that T.D. demanded $15,000 in cash be delivered in a red bag to the address where T.D. lived. *Id*. at 2.

In addition, the Indictment alleges that the caller stated that he would begin executing the hostages in 15 minutes if his demands were not met.  *Id*.  And so, after receiving the call, a Howard County Police Department ("HCPD") Tactical team was dispatched to T.D.'s home in Ellicott City, Maryland.  *Id*.

The Indictment further alleges that, on February 18, 2015, at approximately 6:46 p.m., members of HCPD's Tactical team shot T.D. in the chest and face with rubber bullets; and that T.D. suffered bruised lungs, a fractured rib, and numerous broken bones to the left side of the face that required reconstructive surgery.  *Id*.  Subsequently, investigators learned that: (1) T.D. did not make the emergency call; (2) there were no hostages at T.D.'s residence; and (3) T.D. was not in possession of loaded firearms or explosives.  *Id*.

In Count 1 of the Indictment, the Government charges Defendant and his co-Defendant with conspiracy to commit an offense against the United States, by conveying false and misleading information, in violation of 18 U.S.C. § 371.  *Id*. at 1.  Count 2 of the Indictment charges Defendant with false information and hoax, in violation of 18 U.S.C. § 1038(a)(1)(B).  *Id*. at 5.  Lastly, Count 3 of the Indictment charges Defendant with aggravated identity theft, in violation of 18 U.S.C. § 1028A, and aiding and abetting, in violation of 18 U.S.C. § 2.  *Id*. at 6.

Defendant has not been arrested in connection with these charges.  ECF No. 72 at 3; ECF No. 75 at 1.  Defendant has also not consented to extradition to the United States to respond to the charges in the Indictment.  ECF No. 75 at 2.  And so, Defendant remains in England.  ECF No. 72 at 3; ECF No. 75 at 1.

### III.     STANDARDS OF DECISION

#### A.  Fed. R. Crim. P. 48(b)

Federal Rule of Criminal Procedure 48(b) governs dismissal of indictments, informations, or complaints.  This Rule provides, in relevant part, that:

> (b) The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in:
>
> (1) presenting a charge to a grand jury;
>
> (2) filing an information against a defendant; or

  (3) bringing a defendant to trial.

Fed. R. Crim. P. 48(b).  In this regard, the Supreme Court has held that:

> No federal statute of general applicability has been enacted by Congress to enforce the speedy trial provision of the Sixth Amendment, but Federal Rule of Criminal Procedure 48(b), which has the force of law, authorizes dismissal of an indictment, information, or complaint if there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial…The rule clearly is limited to post-arrest situations.

*United States v. Marion*, 404 U.S. 319 (1971).

### IV. ANALYSIS

Defendant has moved to dismiss the Indictment pursuant to Fed. R. Crim. P. 48(b), because at least 62 months have elapsed since the Indictment was returned by the Grand Jury. ECF No. 72 at 1.  The United States opposes Defendant's motion and requests that the Court deny Defendant's motion, because: (1) Rule 48(b) does not apply to this case, because Defendant has not been arrested or detained and (2) the delay in the prosecution of this matter is attributable to Defendant's refusal to be extradited to the United States.  ECF No. 75 at 1-3.

For the reasons discussed below, the Court agrees with the Government that Rule 48(b) is not applicable to this case, because that rule applies to post-arrest situations.  And so, the Court **DENIES** Defendant's motion to dismiss the Indictment.

#### A. Dismissal Is Not Warranted Under Fed. R. Crim. P. 48(b)

As an initial matter, the Court agrees with the Government that Defendant improperly relies upon Fed. R. Crim. P. 48(b) to dismiss the Indictment.  As the Supreme Court has recognized, Rule 48(b) is limited to post-arrest situations.  *United States v. Marion*, 404 U.S. 319 (1971), ("The rule clearly is limited to post-arrest situations.").  It is undisputed in this case that Defendant has not been arrested in connection with the charges in the Indictment and that Defendant is not in the custody of the United States Government.  ECF No. 72 at 3; ECF No. 75 at 1.  Given this, Rule 48(b) cannot provide a basis for dismissing the Indictment.  And so, the Court must DENY Defendant's motion to dismiss the Indictment.

## V. CONCLUSION

Because Defendant has not shown that dismissal of the Indictment is warranted Fed. R. Crim. P. 48(b), the Court **DENIES** Defendant's motion to dismiss the Indictment.

No costs.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge